1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   ILONA WOOD,                        )        Case No.: C-05-1344 PVT
                                        )
13               Plaintiff,             )        **ORDER GRANTING MOTION TO**
                                        )        **DISMISS WITH LEAVE TO AMEND**
14   v.                                 )        **AND MOTION FOR A MORE**
                                        )        **DEFINITE STATEMENT**
15   RANDI APODACA, ET. AL,             )
                                        )
16               Defendant.             )
     _____)
17

18        On June 14, 2005, the parties appeared before Magistrate Judge Patricia V. Trumbull for

19   hearing on a motion to dismiss under Rule 12(b)(6) or, in the alternative, for a more definite statement

20   under Rule 12(e). The motion was filed by Defendants Randi Apodaca ("Apodaca"), Anita Spol

21   ("Spol"), and VHM Sports, Inc. ("VHM").[1]  All parties have consented to Magistrate Judge

22   Jurisdiction.  Based on the briefs and arguments presented,

23        IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED with leave to

24   amend the complaint as to Plaintiff's claim of interstate commerce and DENIED as to the remaining

25   causes of action, as discussed below.

26   //

27   _____

28        [1]      The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

ORDER, *page 1*

## I.   BACKGROUND

### A.   FACTUAL BACKGROUND

Plaintiff Ilona Wood alleges that, starting in 1996 and continuing to the present time, she has used the name and mark "Water Girl" as a trademark and Service mark in connection with products and services with an emphasis on women's surfing and ocean sports apparel and equipment. (Pl.'s Compl. ¶ 7.) Plaintiff owns United States Trademark Registrations for use of the "Water Girl" mark in connection with retail stores, mail order services, sporting goods, newsletters, magazines, sunglasses and watches. (*Id.* at ¶¶ 8-9.)

Defendants Apodaca, Spol, and VHM own and operate a retail store in Los Gatos, California that features clothing, sporting goods, and accessories with an emphasis on women's surfing and ocean sports apparel and equipment and uses the name "Water Girl" on the storefront and in marketing and advertising. (*Id.* at ¶¶ 10-12.) Plaintiff further asserts that Defendants' use of the name "Water Girl" is likely to cause confusion, mistake or deception among consumers as to the source, quality, and nature of defendants' goods and services. (*Id.* at ¶ 13.) Plaintiff claims that Defendants have made, and she has been deprived of, substantial sales and profits from their wrongful use of the "Water Girl" name. (*Id.* at ¶¶ 15-16.)

In or about June of 2000, Plaintiff entered into an oral partnership agreement with Apodaca and Spol (the "Partnership Agreement"). Under the Partnership Agreement, the partners agreed as follows: 1) Apodaca and Spol would contribute $250,000 to the Partnership; 2) Plaintiff would contribute her retail store, then doing business under the "Water Girl" mark in Encinitas, California; 3) the Partnership would open and operate a new retail store in Los Gatos, California, and Plaintiff authorized the store to use the "Water Girl" name and mark; 4) the Partnership would form a corporation known as "VHM Sports" and transfer the Partnership assets to the new corporation; and 5) The Partnership would issue shares giving Plaintiff sixty percent ownership of the corporation and splitting the remaining forty percent between Apodaca and Spol. (*Id.* at ¶ 20.)

Plaintiff alleges that she has complied with all of her obligations, but Defendants Apodaca and Spol did not contribute the $250,000 and VHM did not issue any shares to Plaintiff. Additionally Defendants have refused to provide any accounting or to share the revenues of sales from the Los

1  Gatos store, despite continuing to use the "Water Girl" service mark. (*Id.* at ¶¶ 21-22.)

2       Plaintiff also alleges that Defendants Apodaca and Spol obtained her agreement to enter into

3  the Partnership by fraud or mistake, in that Defendants promised to invest $250,000 but never intended

4  to make such investment.  (*Id.* at ¶ 29.)  Thus, Plaintiff asserts she is entitled to rescission under

5  California Civil Code §1689(b)(1), which allows a party to rescind where consent was given by

6  mistake or obtained by fraud.  Plaintiff further asserts that Defendants' failure to invest also entitles her

7  to rescission under California Civil Code §§1689(b)(2), (4), for failure of consideration due to the fault

8  of defendants and failure of consideration for any reason. (*Id.* at ¶ 29-31.)  In addition, Plaintiff argues

9  that she is entitled to rescission under California Civil Code §16801(5) for an unreasonably frustrated

10 or not reasonably practicable partnership. (*Id.* at ¶ 23.)

11      Subsequent to June, 2000, Plaintiff clearly communicated to defendants her rescission of the

12 Partnership Agreement and rescission of any permission to use the "Water Girl" service and trade

13 mark.  (*Id.* at ¶ 32.)  In communications spanning from January 2001 to May of 2003, Plaintiff and

14 Defendants agreed to the "Oral Rescission Agreement" in which: 1) Plaintiff regained ownership of the

15 Encinitas "Water Girl" store and assumed all liabilities in connection therewith; 2)  Defendants would

16 own the Los Gatos store and would cease and desist from any further use of "Water Girl", including

17 taking down the "Water Girl" sign at the Los Gatos store; and 3) the parties waived any accounting as

18 to the either the Encinitas or Los Gatos stores.  This agreement was reaffirmed in May 2003.  (*Id.* at ¶

19 33.)  "On learning" that Defendants had not fulfilled their verbal commitment to stop using the "Water

20 Girl" mark, Plaintiff sent Defendants a "case and desist" letter dated April 26, 2004.  (*Id.* at ¶ 34.)

21 Plaintiff claims that she has complied with the terms of the Oral Rescission Agreement by continuing to

22 operate the Encinitas store and assumption of all liabilities in connection therewith and relied upon the

23 Oral Rescission Agreement in not bringing suit within the two year statute of limitations period for

24 breach of oral contract under California Code of Civil Procedure § 339.  (*Id*. at ¶¶ 37-38.)

25      **B.    PROCEDURAL BACKGROUND**

26      Plaintiff filed her Complaint in state court, asserting causes of action for 1) Trademark

27 Infringement; 2) Injunctive Relief; 3) Dissolution of Partnership under California Corporations Code

28 Section 16801(5) and Accounting; 4) Rescission under California Civil Code §1689(b)(1), agreement

1  to enter into partnership obtained by fraud or mistake, California Civil Code §1689(b)(2) for failure of

2  consideration due to the fault of defendants, and California Civil Code §1689(b)(4), failure of

3  consideration for any reason; 5) Damages for Breach of Oral Rescission Agreement; 6) Specific

4  Performance of the Oral Rescission Agreement; and 7) for Declaratory Judgment that Plaintiff is the

5  owner of all rights to the use of the "Water Girl" mark and that Defendants are responsible for all

6  liabilities of the Los Gatos Store.

7  **II.    STANDARD OF REVIEW**

8         Under the federal notice pleading standard, a court may not dismiss a complaint for failure to

9  state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his

10  claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957 ); Fed. R.

11  Civ. Proc. 8(a).   In analyzing a motion to dismiss, the Court must accept as true all material allegations

12  in the complaint, and construe them in the light most favorable to the nonmoving party.  *NL Industries,*

13  *Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  "However, conclusory allegations of law and

14  unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated General*

15  *Contractors of America v. Metropolitan Water Dist. of Southern California*, 159 F.3d 1178,

16  1180 (9th Cir. 1998).  A complaint or any claim therein should be dismissed without leave to amend

17  only if the deficiencies of the complaint cannot possibly be cured by amendment.  *Doe v. United*

18  *States*, 58 F.3d 494, 497 (9th Cir. 1995).

19         Federal Rule of Civil Procedure 12(e) sets forth the requirements for a motion for a more

20  definite statement: "if a pleading to which a responsive pleading is permitted is so vague or ambiguous

21  that a party cannot reasonably be required to frame a responsive pleading, the party may move for a

22  more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

23  **III.   DISCUSSION**

24
25     **A.    DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6) IS GRANTED
             WITH LEAVE TO AMEND**

26         Defendants argue that Plaintiff's complaint should be dismissed under Rule12(b)(6) because 1)

27  the complaint fails to state a claim for a trademark infringement; 2) the complaint fails to present a claim

28  of dissolution or rescission of the partnership formed between Plaintiff and Defendant; and 3)  the

statute of limitations on enforcement of the oral agreements Plaintiff claims for damages and specific performance of the oral rescission agreement.

1.      *Plaintiff has Stated a Claim of Trademark Infringement Under the Lanham Act*

To prevail on a trademark infringement claim under the Lanham Act, a plaintiff must prove the existence of a trademark and the subsequent use of that mark by another in a manner likely to create consumer confusion. *See Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593, 594 (9th Cir. 2000).  Federal registration of a trademark provides constructive notice of registrant's rights to all potential infringers.  15 U.S.C. § 1072.  Defendants maintain that under federal law, Plaintiff has not alleged facts of the "Water Girl" trademark's interstate commerce use by Defendants, has failed to allege that Defendant's use of the "Water Girl" mark was unauthorized, has failed to allege a likelihood of entry into Defendants' trade territory, and has abandoned her trademark.

a) Plaintiff has not alleged Interstate Commerce Use by Defendants

Plaintiff claims that Defendants use the "Water Girl" mark in their Los Gatos store in connection with marketing and advertising of women's surfing sports apparel and equipment.  (Pl.'s Compl. ¶10-12.)  However, Plaintiff does not allege in her Complaint that Defendants used the "Water Girl" mark in interstate commerce, as required by 15 U.S.C. § 1114(1).  Accordingly, Plaintiff's complaint is dismissed with leave to amend as to Defendants' use if the "Water Girl" mark in interstate commerce.

b) Plaintiff has alleged that Defendants' use was unauthorized

In her complaint, Plaintiff states that on or about April 26, 2004, she advised Defendants that she was the lawful owner of the "Water Girl" mark and demanded that Defendants cease and desist from further use of the mark.  (Pl.'s Comp. ¶¶ 14, 22.)  Thus, Plaintiff has sufficiently plead unauthorized use under Fed. R. Civ. P. 8(2).

c) Plaintiff Need Not Allege a Likelihood of Entry

Defendants argue that Plaintiff must allege either a likelihood of entry into the Defendants' trade territory, *Mister Donut of America, Inc., v. Mr. Donut, Inc.*, 418 F.2d 838, 844 (9th Cir. 1969), or that the "Water Girl" mark has already entered into the defendants' trade area via the advertising media.  *Koffler Stores, Ltd. v. Shoppers Drug Mart, Inc.*, 434 F. Supp. 697, 704  (E.D. Mich.

1   1976). Defendants further argue that, because Plaintiff's store is more than 430 miles from Defendant's

2   store, Plaintiff has not alleged either entry or likelihood of entry into Defendants' trade area.

3        A plaintiff, however, need only allege likelihood of confusion, which Plaintiff has done (Pl.'s

4   Compl. ¶ 13.)  It is a *defense* against claims of trademark infringement under the Lanham Act to show

5   use in a remote area prior to registration.  15 U.S.C. 1115(b)(5).  Thus, Plaintiff is not required to

6   make allegations of entry or likely entry.

7   d) Complaint discloses no abandonment

8        Defendants argue that allegations in Plaintiff's complaint imply that Plaintiff no longer owns or

9   operates her retail store under the "Water Girl" mark, thus abandoning the use of the mark.

10  Abandonment, however, is a defense under 15 U.S.C. § 1115(b)(2) and thus Plaintiff need not plead it.

11  Additionally, Plaintiff has alleged continuous use since 1996.  (Pl.'s Compl. ¶ 2.)  Thus, other than

12  failing to alleged Defendants' use in interstate commerce, Plaintiff has stated a claim under the Lanham

13  Act.

14       *2. Plaintiff Has Stated a Claim of Trademark Infringement Under Common Law*

15       To state a claim of trademark infringement under California common law, a plaintiff need allege

16  only 1) their prior use of the trademark and 2) the likelihood of the infringing mark being confused with

17  their mark. *American Petrofina v. Petrofina of California, Inc.*, 596 F.2d 896, 897 (9th Cir. 1979)

18  ("[W]hosoever first adopts and uses a trade name, either within or without the state, is its original

19  owner");  *Toho Co., v. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. 1981) ("Without

20  likelihood of confusion there is no infringement under the California common law of trademarks").

21       Defendants argue that in order to claim common law trademark infringement, Plaintiff must

22  show that she used the trademark in the same trade territory as the infringing party, or that the

23  reputation of her mark extended to the infringing party's area and that the infringing party did not have

24  good faith when they began using it.  *See Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 419

25  (1916) ("Tea Rose"); *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 100 (1918).

26       The *Tea Rose-Rectanus* doctrine provides for a defense for a junior user if that user proves

27  that (1) its first use was in good faith and (2) its first use was in a remote area.  *Hispanic Broad. Corp.*

28  *v. Educ. Media Found.*, 2003 WL 22867633, 6 (C.D. Cal. 2003), *quoting* 4 J. Thomas

1   McCarthy, McCarthy on Trademarks and Unfair Competition, § 26.4 (4th ed.).  Plaintiff,

2   therefore, need not plead either Defendants' bad faith or lack of remote area.    Plaintiff claims that she

3   has used the "Water Girl" trademark, which is allegedly registered to her, since 1996.  Moreover,

4   Plaintiff alleges that Defendants' use of the "Water Girl" mark has caused confusion.  These allegations

5   are sufficient for a statement of a claim on which relief may be granted.  Defendants' motion to dismiss

6   for failure to state a claim under common law is therefore denied.

7              *3. Plaintiff Has Plead Claims for Dissolution and Rescission of the Partnership*

8              Under California law, in order to dissolve the Partnership, Plaintiff must plead either that A) the

9   economic purpose of the partnership is likely to be unreasonably frustrated; B) Defendant has engaged

10  in conduct that makes it not reasonably practicable to carry on the business in partnership with

11  Defendant; or C) it is not otherwise reasonable to carry on the partnership in conformity with the

12  agreement. Cal. Corp. Code § 16801(5)(A),(B),(C).  In order to rescind a contract, a plaintiff must

13  plead that she gave consent relying on fraudulent or mistaken representations of another party, or that

14  consideration for her obligation failed, either through the fault of another party or from any other cause.

15  Cal. Corp. Code § 1689(b)(1), (2) and (4).      Defendants argue that Plaintiff's third cause of action

16  should be dismissed because Plaintiff has "completely failed" to provide any information as to whether

17  the economic purpose of the partnership is unreasonably frustrated or whether it is reasonably

18  practicable to carry on the business.  Defendants also argue that Plaintiff's fourth cause of action should

19  be dismissed because Plaintiff has failed to plead fraud with particularity, as required by Fed. R. Civ. P.

20  9(b).    Plaintiff has alleged that Defendants failed to invest the promised sum of $250,000 toward the

21  partnership.  Defendants' alleged failure to fulfill their side of the bargain presents sufficient facts to state

22  a claim for unreasonable frustration or impracticability. *See generally, Thomson v. Langton,* 51 Cal.

23  App. 142 (1921) (holding that where firm capital has become so seriously impaired that further

24  profitable conduct of business is impossible without fresh contributions or the negotiation of loans, a

25  partner is entitled to dissolution).

26             Defendants also allege that Plaintiff has failed to plead claims of fraud or mistake with sufficient

27  particularity.  Claims of fraud or mistake should include 1) the time, place and content of fraud; 2) intent

28  to deceive (scienter); and 3) facts showing falsity.  *In re GlenFed, Inc. Secur. Litig.*, 42 F.3d 1541,

1547-48 (9th Cir. 1994) (en banc) *rev'd on other grounds*, 60 F.3d 591 (9th Cir. 1995).  In promissory fraud claims where the aspect to which fraud is alleged is within the defendant's control at all times, an allegation that defendant did not fulfil their obligation is sufficient to create an inference that they never intended to do so. *Celador Intern. Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 856 (C.D. Cal. 2004).

In the instant case, Plaintiff has identified the time and content of alleged fraud – the June 2000 agreement, where Defendants promised to contribute $250,000 toward the partnership.  She has also alleged falsity – Defendants' apparent refusal to contribute the $250,000, where the decision to do so was within the Defendants' control at all times. Furthermore, she identified the Partnership Agreement as the source of the fraud.  Lastly, Plaintiff has alleged Defendants' intent to deceive, which may be averred generally. Fed. R. Civ. P. 9(b).  Although Plaintiff has not identified the place where the alleged fraud occurred, such identification is not necessary here, as "[a] pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Moreover "the rule  may be relaxed as to matters within the opposing party's knowledge." *Id.*  Since Plaintiff pleads that the fraud occurred at the time both parties entered into the Partnership Agreement, the place of the alleged fraud is within Defendants' knowledge.  Therefore, Plaintiff has stated a claim under Cal. Civ. Code § 1689(b)(1) and dismissal under Rule 12(b)(6) is denied on this point.

### 4.     *Statute of Limitations Does Not Bar Plaintiff's claim for Damages or Injunctive Relief Under the Oral Agreement*

California law provides for a two year statute of limitations period within which a suit for damages for breach of oral contract may be brought.  In the instant case, Plaintiff claims that she relied on the Oral Rescission Agreement in not bringing suit for Defendants' use of the "Water Girl" mark within the two year statute of limitations.  (Pl.'s Compl. ¶ 38.)  Thus, Plaintiff alleges that she is entitled to an equitable extension of the statute of limitations.  Because equitable tolling issues often require factual determinations, a claim asserting equitable tolling is generally not amenable to a Rule 12(b)(6) motion. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995).  Here, Plaintiff's Complaint alleges sufficient facts to establish timeliness of the claim.  Accordingly,

1    Defendants' motion to dismiss is denied.

2         **B.    MOTION FOR A MORE DEFINITE STATEMENT REGARDING THE STATUTE OF
3         LIMITATIONS**

4         A Rule 12(e) motion is only appropriate where the complaint is so indefinite that the defendant

5    cannot ascertain the nature of the claim being asserted.  *See Cellars v. Pacific Coast Packaging, Inc.*

6    189 F.R.D. 575, 578 (N.D. Cal. 1999).  A Rule 12(e) motion is not a substitute for discovery; such a

7    motion attacks unintelligibility in a pleading, not mere lack of detail.  *See Bureerong v. Uvawas*, 922 F.

8    Supp. 1450, 1461 (C.D. Cal. 1996).  Where the ground for rescission is fraud or mistake, the time

9    does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or

10   mistake. Cal. Civ. Proc. Code § 339. In this case, Plaintiff has not specified when she discovered the

11   alleged breach of the Oral Rescission Agreement.  Without knowing when Plaintiff claims to have

12   discovered Defendants' unauthorized use, Defendants cannot ascertain whether the claims based on the

13   Oral Rescission Agreement are timely.  Accordingly, Defendants' motion for a more definite statement

14   is granted as to Plaintiff's discovery of unauthorized use.

15   **IV.    CONCLUSION**

16        Plaintiff has met the pleading requirements for all claims except trademark infringement  under

17   the Lanham Act.  Therefore,

18        IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED, with leave to

19   amend, solely as to Plaintiff's claim of Defendants' use of the "Water Girl" mark in interstate commerce

20   under the Lanham Act.  Plaintiff shall file her amended complaint within 20 days after entry of this

21   order.

22        IT IS FURTHER ORDERED that Defendants' motion for a more definite statement is

23   GRANTED solely as to the statute of limitations issue.

24   Dated: June 23, 2005

25                                        /s/ Patricia V. Trumbull
                                          PATRICIA V. TRUMBULL
26                                        United States Magistrate Judge

27

28

ORDER, *page 9*